By the Court.
 

 On August 20, 1941, the relator, an attorney at law of the city of Cleveland, sought to file his nominating petition for the office of judge of the Municipal Court of that city for a term beginning January 5, 1942. Acceptance of the petition was refused by the board of elections for the sole reason that this particular term had been abolished by virtue of amended Section 1579-2, General Code, effective July 9, 1941 (119 Ohio Laws,____). Whereupon the relator immediately instituted his action of mandamus in the Court of Appeals of Cuyahoga county to require the board of elections to accept such nominating petition.
 

 The case came on for hearing upon the petition, answer, reply and an agreed statement of facts. Judgment was entered, denying the writ and dismissing the petition, and an appeal as of right was perfected to this court.
 

 It is conceded the relator is eligible to be nominated and elected a Municipal Court judge, and that he seasonably tendered his petition containing more than the requisite number of signatures, with the designated filing fee.
 

 Section 1579-5, General Code, as amended in 1937, provides that the terms of five of the judges of the Cleveland Municipal Court to be elected in 1941 shall commence January 1, 1942, January 2, 1942, January 3,1942, January 4, 1942, and January 5, 1942, respectively.
 

 Later amended Section 1579-2, General Code, was enacted for the primary purpose of reducing the number of Municipal Court judges from sixteen to four
 
 *506
 
 teen. The part of that section with which we are presently concerned reads as follows:
 

 “Provided, however [,] anything contained in Section 1579-5 of the General Code to the contrary notwithstanding, that the first two vacancies in the office of judge of said court, excluding the office of chief justice, which exist or occur after the effective date of this act due to the death, resignation, or removal from office, or otherwise than by the expiration of the term of office of any judge, shall not be filled and the offices and terms of office of the judges holding the same in which such vacancies respectively occur are hereby abolished as of the day when such vacancies occur, and thereafter said Municipal Court shall, consist of fourteen judges; provided, further, that if any such vacancy shall occur in the case of any incumbent judge, whose term would have expired prior to January 6, 1942, any judicial term provided for by General Code Section 1579-5 not selected by other incumbents seeking re-election at the November, 1941, election, shall
 
 ipso facto
 
 be abolished.”
 

 One of the Municipal Court judges whose term would have expired on December 31, 1941, resigned on March 10, 1941, such resignation to become effective April 1,1941, and another, whose term would have expired later, died. No appointments to these vacancies were made, and the number of Municipal Court judges became fourteen, as contemplated by the statute.
 

 All of the incumbent judges, four in number, whose terms expire on December 31, 1941, filed nominating petitions in accordance with the selections made and publicly announced in January of 1941, as follows:
 

 On August 14, 1941, Mary B. Grossman, for the term beginning January 1, 1942; on August 15, 1941, Lillian M. Westropp, for the term beginning January 3,1942; on August 15,1941, Joseph H. Silbert, for the term beginning January 4, 1942; and on August 19,
 
 *507
 
 1941, Julius M. Kovachy, for the term beginning January 2, 1942. Other candidates have filed for each of the above terms, so all of the incumbents will be opposed at the November election.
 

 The situation thus presented is in conformity with the design of amended Section 1579-2, General Code.
 

 It is urged by the relator that such section violates Section 2, Article I, and Sections 1 and 26, Article II, of the Constitution of Ohio.
 

 The argument is that the General Assembly, in which is reposed the legislative power of the state, has passed a statute dependent for operation upon the conduct of certain incumbent judges of the Cleveland Municipal Court, which works to deny the relator equal protection of the laws. But is this so?
 

 Undoubtedly, the General Assembly had the power to reduce the number of Municipal Court judges from sixteen to fourteen, and amended Section 1579-2 undertook to do so by prescribing that the first two vacancies occasioned by death, resignation or removal should not be filled and that the terms relating to such vacancies should be abolished. The final proviso of the law refers to a definite vacancy, which as a matter of fact existed when the law was passed.
 

 As we view it, the statute comes within the well-settled rule that while the Legislature may not dele- - gate its power to make a law, it may make a law to become operative on the happenings of a certain contingency, or a future specified event.
 
 State, ex rel. DeWoody, Dir. of Law,
 
 v.
 
 Bixler et al., County Commrs.,
 
 136 Ohio St., 263, 269, 25 N. E. (2d), 341, 344; 11 American Jurisprudence, 926 Section 216. Here, the contingency happened immediately upon the occurrence of the two vacancies.
 

 If the statute denied the relator the right to become a candidate for judge of the Municipal Court upon an equal footing with any other candidate, he would have
 
 *508
 
 a valid complaint as to the denial of equal protection of the laws, but such is not the case.
 

 In requesting a writ of mandamus to compel the board of elections to accept the nominating petition for a term beginning January 5,1942, the relator is in effect asking the court to create a fifteenth judgeship, which it has no authority to do.
 

 The Court of Appeals was not in error in denying the writ of mandamus prayed for, and its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt,- C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.