CONTINENTAL CAN CO., INC., APPELLANT, *v.* DONAHUE, TAX COMMR., ET AL., APPELLEES.

[Cite as Continental Can Co. v. Donahue, Tax Commr., 5 Ohio St. 2d 224.]

(No. 39626—Decided March 16, 1966.)

226

*Messrs. Taft, Stettinius & Hollister, Mr. Donald C. Alexander* and *Mr. Thomas S. Shore, Jr.,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellee Tax Commissioner of Ohio.

O'NEILL, J. Appellant contends that because it has become customary, on the part of county auditors in Ohio, to assess real property at a percentage of its true value in money, whereas appellant's tangible personal property was valued by the Tax Commissioner at its full true value in money, the appellant has been denied its constitutional right of equal protection of the laws required by the Fourteenth Amendment to the United States Constitution.

Appellant contends further that Section 2 of Article XII of the Ohio Constitution requires the use of the same percentage of full "true value in money" in arriving at the basic assessed valuation of real and personal property.

Section 5711.22, Revised Code, classifies personal property for taxation purposes and, as it existed at the time of the filing of this claim, provided, in pertinent part, as follows:

"Except as otherwise provided, personal property shall be listed and assessed at 70 per cent of its true value in money on the day that it is required to be listed or on the days or at the times that it is required to be estimated on the average basis. * * *

"(* * *

"Personal property, used in business, shall be listed and assessed at 50 per cent of its true value in money on the day that it is required to be listed or on the days or at the time that it is required to be estimated on the average basis * * *.''

Section 5713.01, Revised Code, as it existed at the time of the filing of this claim, provided, in pertinent part, as follows:

"The auditor shall assess all the real estate situated in the county at its true value in money. * * *''

This section was amended, effective November 5, 1965, to require the county auditor to assess real estate at its taxable value, which is defined in Section 5715.01 as not more than 50% of its true value in money.

It is well settled in this state that under Section 2 of

Article XII of the Ohio Constitution only real property is required to be taxed according to uniform rule. The General Assembly may, for purposes of taxation, classify personal property and may tax it in a manner different from real property. *State, ex rel. Struble,* v. *Davis et al., Tax Comm.,* 132 Ohio St. 555; *Zangerle, Aud.,* v. *Republic Steel Corp.,* 144 Ohio St. 529; *Ohio Oil Co.* v. *Conway, Supervisor,* 281 U. S. 146, 159. The power of the state to classify personal property which it may tax is limited only by the requirement that the classification be reasonable and not arbitrary. It must be related to some legitimate objective and must not discriminate against members of the same class. In *State Board of Tax Commrs. of Indiana* v. *Jackson,* 283 U. S. 527, 537, it is said:

"The fact that a statute discriminates in favor of a certain class does not make it arbitrary if the discrimination is founded upon a reasonable distinction * * * or if any state of facts reasonably can be conceived to sustain it." See, also, *Carmichael, Atty. Genl.,* v. *Southern Coal & Coke Co.,* 301 U. S. 495.

Thus, as long as the law under which the tax is levied operates equally upon all those within a particular class, there is no denial of equal protection of the laws.

Appellant does not contend that other owners of similar tangible personal property do not bear a tax burden equal to its burden, but rather it claims that owners of real property, which is a different class of property, bear a lesser tax burden than that provided by the statute and that this denies to the owner of personal property the preference which the law intended and thus there is an unlawful discrimination against the appellant.

It bases this contention upon the ground that county auditors customarily assess real property at a percentage of its actual "true value in money" rather than at its full "true value in money" as provided in Section 5713.01, *supra,* whereas the Tax Commissioner values tangible personal property at its full "true value in money" pursuant to the provisions of Section 5711.22, *supra.*

This court in *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals,* 175 Ohio St. 410, says, at page 413:

"* * * It is and has been the practice in this state for tax-

ation purposes to establish an assessed value of less than actual value, in other words to assess [real] property for taxation only for a percentage of the actual value. *This raises the question of uniformity.*" (Emphasis added.)

In the *Park Investment case, supra,* the court did not pass upon the validity of the practice of undervaluation of real estate by county auditors except so far as that practice caused an unequal tax burden upon taxpayers within the same class. The complaint there was not that the property in question was assessed at a figure lower than market value, but that it was assessed at a percentage of true value in money higher than that at which other comparable real property was assessed, and, therefore, such assessment was discriminatory and in violation of the equal protection clause of the United States Constitution.

The propriety of the Tax Commissioner valuing tangible personal property at its "true value in money" for purposes of taxation is not affected by what county auditors do with regard to the valuation of real property for tax purposes. As long as appellant bears a burden equal to that of all taxpayers similarly situated, and as long as the appellant's property is taxed and assessed in the same manner as the property of other taxpayers in the same class, and as long as the tax classification in which appellant's property is placed is not unreasonable or arbitrary, there is neither a violation of appellant's right to the equal protection of the laws under the Constitutions of the United States and Ohio, nor is there a violation of Section 2 of Article XII of the Ohio Constitution.

The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, BRENNEMAN and BROWN, JJ., concur.

BRENNEMAN, J., of the Ninth Appellate District, sitting for SCHNEIDER, J.