BLACKER ET AL., APPELLEES, *v.* WIETHE ET AL., BOARD OF ELECTIONS OF HAMILTON COUNTY, APPELLANTS.

(No. 68-165—Decided December 11, 1968.)

66

*Mr. John A. Lloyd, Jr.,* and *Mr. David N. Gorman,* for appellee.

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. John A. Gehrig,* for appellants.

TAFT, C. J. In support of the judgment of the Court of Appeals, it is contended that Section 302.13(M), Revised Code, represents a standardless delegation of legislative power, in violation of Section 1 of Article II of the Ohio Constitution.

Section 302.13, Revised Code, reads, so far as pertinent:

"Pursuant to and in conformity with the Constitution of Ohio and without limiting the powers and duties otherwise vested in the board of county commissioners, the board may:

"* * *

"(M) By ordinance or resolution make any rule, or act in any matter not specifically prohibited by general law; provided that, in the case of conflict between the exercise of powers pursuant to division (M) of this section and the exercise of powers by a municipality or township, the exercise of power by the municipality or township shall prevail, and further provided that the board may levy only taxes authorized by general law."

Section 1 of Article II of the Ohio Constitution reads, so far as pertinent:

"The legislative power of the state shall be vested in a General Assembly * * *."

However, the Ohio Constitution also provides in Section 1 of Article X, so far as pertinent:

"The General Assembly shall provide by general law for the organization and government of counties, and may provide by general law alternative forms of county government. No alternative form shall become operative in any county until submitted to the electors thereof and approved by a majority of those voting thereon under regulations provided by law. Municipalities and townships shall have authority, with the consent of the county, to transfer to the county any of their powers or to revoke the transfer of any such power, under regulations provided by general law * * *."

We agree that Section 302.13(M), Revised Code, purports to grant legislative power to a board of county commissioners acting under the alternative form of government proposed in the instant case.

We do not agree with the argument that it purports to grant limitless legislative power. As indicated by the statutory language, this power may be exercised only "pursuant to and in conformity with the Constitution of Ohio."

As indicated by the first sentence of Section 1 of Article X, the legislative power that can be granted is only such as relates to government of the county; and, as indicated by the third sentence of that section, such county legislative power may not conflict with any legislative power of a municipality or township not transferred by such municipality or township to the county. Also, the legislative power to levy taxes is specifically limited by the words of Section 302.13(M) to what is "authorized by general law."

Section 1 of Article X gives the General Assembly the authority to provide not only "forms of county government" but in doing so to provide for the "government of counties." One of the powers of government is the power to legislate. Also, under the third sentence of Section 1 of Article X a municipality can transfer to a county "any" of its "powers." Certainly, a municipality has legislative power. (See Sections 3 and 7 of Article XVIII of the Ohio Constitution.) Thus, we conclude that Section 1 of Article X authorizes the General Asembly by general law to delegate to the board of county commissioners limited legislative power relating to the government of a county and, to the extent that Section 302.13(M), Revised Code, does this, it is not unconstitutional on its face. See *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 55 N. E. 2d 629, paragraph four of syllabus.

In support of the judgment of the Court of Appeals, it is contended also that Section 302.16, Revised Code, conflicts with Section 20 of Article II of the Ohio Constitution.

So far as pertinent, Section 302.16, Revised Code, reads:

" * * * In the appointive executive plan, the salary of the county executive shall be fixed by the board of county commissioners."

Section 20 of Article II reads, so far as pertinent:

"The General Assembly, in cases not provided for in this Constitution, shall fix the * * * compensation of all officers * * *."

The first sentence of Section 1 of Article X now authorizes the General Assembly to provide for the govern-

ment of counties. The government of a county necessarily includes the power to fix the salary of its officers. Thus, in providing for the government of counties, the General Assembly may, under Section 1 of Article X of the Ohio Constitution, authorize the board of county commissioners to fix the salary of a county officer; and, in a case where it does so and the board of county commissioners has fixed such a salary, such case is one "provided for in" the Ohio Constitution, within the meaning of those words as used in Section 20 of Article II thereof. See *Mansfield* v. *Endly* (1931), 38 Ohio App. 528, at 538, 176 N. E. 462, affirmed 124 Ohio St. 652, 181 N. E. 886.

In support of the judgment of the Court of Appeals, it is contended further, in effect, that Chapter 302, Revised Code, gives a board of county commissioners a means of providing a county with a county charter without complying with the requirements of Sections 3 and 4 of Article X of the Ohio Constitution, and is, therefore, "repugnant to" those sections.

Under Sections 3 and 4 of Article X of the Ohio Constitution, the people, through their elected representatives, prepare a county charter. Under Section 1 of that article, the General Assembly, in effect, prepares such a charter. Probably, because of confidence in the General Assembly, the requirements for approval of such a charter are less stringent where it is, in effect, prepared by the General Assembly (under Section 1 of Article X of the Ohio Constitution), than those requirements are where the charter is prepared locally by a charter commission elected by voters of a county. In any event, we find nothing in Article X of the Ohio Constitution which will support a reasonable conclusion that Sections 3 and 4 thereof constitute a limitation on the power of the General Assembly under Section 1 thereof by general laws to provide "for the * * * government of counties" and for "alternative forms of county government" for submission to the electors of a county and approval by a majority of those voting thereon.

For the foregoing reasons, the judgment of the Court

of Appeals is reversed and final judgment is rendered for the appellants.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE and SCHNEIDER, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.