CITY OF CINCINNATI, APPELLEE, *v.* COATES, APPELLANT.
CITY OF CINCINNATI, APPELLEE, *v.* HASTINGS, APPELLANT.
CITY OF CINCINNATI, APPELLEE, *v.* SAYLOR, APPELLANT.
CITY OF CINCINNATI, APPELLEE, *v.* ADAMS, APPELLANT.
CITY OF CINCINNATI, APPELLEE, *v.* WYNER, APPELLANT.

(Nos. 69-116, 69-117, 69-118, 69-119 and 69-120—
Decided January 28, 1970.)

*Mr. William A. McClain,* city solicitor, *Mr. Ralph E. Cors* and *Mr. A. David Nichols,* for appellee.
*Messrs. Beckman, Lavercombe, Fox & Weil* and *Mr. Bernard C. Fox,* for appellants.

CORRIGAN, J. We are without the advantage of a bill of exceptions in these appeals from convictions in the Hamilton County Municipal Court for violating Section 901-L6 of the Cincinnati Code of Ordinances. The Court of Appeals for Hamilton County affirmed the convictions, and the causes are before this court pursuant to the allowance of motions to certify the records.

The ordinance in question provides:

"It shall be unlawful for three or more persons to assemble, except at a public meeting of citizens, on any of the sidewalks, street corners, vacant lots, or mouths of alleys, and there conduct themselves in a manner annoying to persons passing by, or occupants of adjacent buildings. Whoever violates any of the provisions of this section shall be fined not exceeding fifty dollars ($50.00), or be imprisoned not less than one (1) nor more than thirty (30) days or both."

With one exception, the separate affidavits upon which the warrants of arrest were based charged that each defendant "being one of a group of more than two persons assembled on the sidewalk on or about April 11, 1968, at and in the city of Cincinnati, Hamilton County and state of Ohio, did unlawfully conduct himself in a manner annoying to persons passing by contrary to and in violation of Section 901-L6 of the Code of Ordinances of the City of Cincinnati."

In case No. 69-116, the affidavit charged defendant "on Dec. 7, 1967, did unlawfully loiter on the sidewalk at

500 Main with 6 other persons and there did conduct himself in a manner annoying to persons passing by * * *."

We are urged to declare this ordinance to be in violation of the First and Fourteenth Amendments to the Constitution of the United States and Section 3, Article I of the Ohio Constitution, for the reasons that it is vague and imprecise as to what conduct is proscribed. A claim is also made that the affidavits do not contain all the material elements to charge an offense under said ordinance.

The First Amendment to the U. S. Constitution provides, in part:

"Congress shall make no law * * * abridging * * * the right of the people to peaceably assemble * * *."

Section 3, Article I of the Ohio Constitution, provides, in part:

"The people have the right to assemble together, in a peaceable manner * * *."

This right of assembly, granted by both state and federal constitutions, contemplates that it be asserted and enjoyed in a peaceable manner. The right delineated certainly does not include the contravening of other rights of other persons. The affidavits under scrutiny here charge assembly and a course of conduct "* * * annoying to persons passing by * * *." Without a bill of exceptions we do not know what the conduct was which was considered annoying.

Could it have been the interrupting or interfering with the free, unimpeded passage, the use of and enjoyment of the public sidewalk or street by other persons?

Could it have been an intrusion upon the privacy of persons using the public sidewalk or street by accosting and seeking to deliver to such persons written or printed messages, papers, pamphlets, cards or books?

Could it have been an intrusion upon the privacy of persons to impart an oral message by blocking or otherwise seeking to detain persons in the free use of the public sidewalks or streets?

On the state of the record before us, we will go to our rewards without knowing.

As to the contention that this ordinance is imprecise, vague and indefinite, we do not agree. Certainly, crime must be defined with certainty and definiteness, which requirements are elements of due process. Persons charged with violations of penal statutes or ordinances are not required to speculate as to the meaning of such legislation. If the provisions of an ordinance are so vague that persons of common intelligence must guess as to their meaning, then an essential of due process is lacking. *Connally* v. *General Construction Co.*, 269 U. S. 385.

The ordinance prohibits, *inter alia*, "conduct * * * annoying to persons passing by." The word "annoying" is a widely used and well understood word; it is not necessary to guess its meaning. "Annoying" is the present participle of the transitive verb "annoy" which means to trouble, to vex, to impede, to incommode, to provoke, to harass or to irritate.

We conclude, as did the Supreme Court of the United States in *Cameron* v. *Johnson*, 390 U. S. 611, 616, in which the issue of the vagueness of a statute was presented, that the ordinance "clearly and precisely delineates its reach in words of common understanding. It is a 'precise and narrowly drawn regulatory statute [ordinance] evincing a legislative judgment that certain specific conduct be * * * proscribed.' "

Although we conclude that the meaning of the words used in the ordinance is clear and that the standard of conduct which it specifies is not dependent upon each complainant's sensitivity, we are unable to apply it to the facts in this case because of the absence of facts in the record before us.

We find no merit in defendants' claim that the affidavits herein do not contain all the material elements to charge an offense under this ordinance.

The judgments of the Court of Appeals are affirmed.

*Judgments affirmed.*

TAFT, C. J., MATTHIAS and SCHNEIDER, JJ., concur.
O'NEILL, HERBERT and DUNCAN, JJ., dissent.

HERBERT, J., dissenting. There being no bill of exceptions in these cases, the sole and proper question raised by these appeals is the constitutionality, on its face, of Section 901-L6 of the Cincinnati Code of Ordinances. It appears to be well established that the question of the constitutionality of a statute or ordinance is judicially cognizable under these circumstances. *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 55 N. E. 2d 629; *Blacker* v. *Wiethe* (1968), 16 Ohio St. 2d 65, 242 N. E. 2d 655. *Cf. Castle* v. *Mason* (1915), 91 Ohio St. 296, 110 N. E. 463; *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496, 52 N. E. 2d 980; *State, ex rel. Speeth,* v. *Carney* (1955), 163 Ohio St. 159, 126 N. E. 2d 449.

Defendants were convicted of violating Section 901-L6 of the Cincinnati Code of Ordinances, which provides:

"It shall be unlawful for three or more persons to assemble, *except at a public meeting of citizens,* on any of the sidewalks, street corners, vacant lots, or mouths of alleys, and there conduct themselves in a manner annoying to persons passing by, or occupants of adjacent buildings. Whoever violates any of the provisions of this section shall be fined not exceeding fifty dollars ($50.00), or be imprisoned not less than one (1) nor more than thirty (30) days or both." (Emphasis added.)

Since the syllabus announced by the majority does not contain all of the pertinent language of the ordinance under consideration, I am respectfully constrained to characterize it as dicta. Therefore, this dissent should not be construed as necessarily encompassing that syllabus.

The defendants claim that the ordinance violates the Constitution of the United States in that it is vague, indefinite and imprecise as to what conduct is prohibited.

The United States Supreme Court, in the case of *United States* v. *Petrillo* (1947), 332 U. S. 1, 91 L. Ed. 1877, stated that while the Constitution of the United States does not require impossible standards of certainty in statutes defining crimes, the test is whether or not the law is so designed that persons of ordinary intelligence, who would be law abiding, can determine with reasonable precision

what conduct it is their duty to avoid. *Connally* v. *General Construction Co.* (1926), 269 U. S. 385, 70 L. Ed. 322; *Cramp* v. *Board of Public Instruction* (1961), 368 U. S. 278, 7 L. Ed. 2d 285; *Winters* v. *New York* (1948), 333 U. S. 507, 92 L. Ed. 840. The rule is also well settled that penal laws must be strictly construed and are to be interpreted strictly against the state and liberally in favor of the accused. See *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, 224 N. E. 2d 343; *State* v. *Conley* (1947), 147 Ohio St. 351, 71 N. E. 2d 275; *State* v. *Meyers* (1897), 56 Ohio St. 340, 47 N. E. 138; *Turner* v. *State* (1853), 1 Ohio St. 422; *Hirn* v. *State* (1852), 1 Ohio St. 15.

Reading the instant ordinance in accordance with those rules of construction, and even assuming that what will constitute "annoying" conduct is sufficiently definite so as to be reasonably understood by all men who would be law abiding citizens, it is apparent that conduct which, in fact, is "annoying," is not unlawful if it is conduct at a "public meeting of citizens." Thus, the threshold question before us should be whether the ordinance is sufficiently definite and precise to inform a group of three or more citizens that their particular gathering is or is not such a "meeting" and, hence, is or is not excepted from the operation of the ordinance.

There appears to be little doubt that the language, "except at a public meeting of citizens," was written into the ordinance to offset potential claims that the ordinance affronted the constitutional right of peaceful assembly. The United States Supreme Court has spoken often in this area and has declared that stricter standards of permissible statutory vagueness should be applied to any statute or ordinance which has a potentially inhibiting effect upon rights guaranteed by the First Amendment to the Constitution of the United States. *Smith* v. *California* (1959), 361 U. S. 147, 4 L. Ed. 2d 205; *Cramp* v. *Board of Public Instruction, supra* (368 U. S. 278); *Winters* v. *New York, supra* (333 U. S. 507); *Thornhill* v. *Alabama* (1940), 310 U. S. 88, 84 L. Ed. 1093; *Scull* v. *Virginia, ex rel. Committee on Law Reform and Racial Activities* (1959), 359 U. S. 344,

3 L. Ed. 2d 865; *Stromberg* v. *California* (1931), 283 U. S. 359, 75 L. Ed. 1117; *Wright* v. *Georgia* (1963), 373 U. S. 284, 10 L. Ed. 2d 349. In those cases, the United States Supreme Court was concerned with "the rule that a generally worded statute which is construed to punish conduct which cannot constitutionally be punished is unconstitutionally vague to the extent that it fails to give adequate warning of the boundary between the constitutionally permissible and the constitutionally impermissible applications of the statute." *Wright* v. *Georgia, supra,* 292.

Even if it is assumed that conduct which is reasonably calculated to be "annoying" is well known to reasonable men who would be law abiding citizens, the ordinance nevertheless fails to define the boundary between that assemblage which will constitute a "public meeting of citizens" and that which will not be considered such a meeting. For example, do only groups which have licenses constitute a public meeting? Must some form of notice be given before a meeting may be considered a public meeting? Who may convene a public meeting? Is a public meeting one held only in a public place? Must a meeting be held during certain hours in order to be "public"? May a public meeting be called only for certain purposes? Is it clear that an assemblage of three or more citizens on a public sidewalk can not constitute a public meeting of those citizens? In short, although the ordinance clearly excepts "annoying" behavior "at a public meeting of citizens," there is no indication as to what conduct was included in the very words which announce that exception.

In my opinion, where an ordinance inflicts a criminal penalty for certain conduct, but excepts such conduct from its operation under certain circumstances, both the proscribed conduct and the excepting circumstances must be designated with sufficient precision to meet constitutional requirements regarding vagueness and uncertainty. The failure of the ordinance under consideration to meet this test renders it unconstitutional on its face.

DUNCAN, J., concurs in the foregoing dissenting opinion.