OKEY ET AL., APPELLANTS, *v.* WALTON ET AL., APPELLEES.

88

(No. 350—Decided March 30, 1973.)

Appeal: Court of Appeals for Carroll County.

*Mr. Donald C. Steiner,* for appellants.
*Mr. Rudolph Battista,* prosecuting attorney, for appellees.
*Mr. Michael R. Grove,* for the Attorney General of Ohio.

Lynch, P. J. The sole issue in this case is the constitutionality of R. C. 322.02, whose pertinent parts at issue are as follows:

"For the purpose of paying the costs of enforcing and administering the tax and providing additional general revenue for the county, any county may levy and collect a tax to be known as the real property transfer tax on each deed conveying real property or any interest in real property located wholly or partially within the boundaries of such county at a rate not to exceed thirty cents per hundred dollars for each one hundred dollars or fraction thereof of the value of the real property or interest in real property located within the boundaries of the county granted, assigned, transferred, or otherwise conveyed by such deed. * * *,,

The constitutionality of the italicized parts of R. C. 322.01, which is set out below, are being questioned in this case.

"As used in sections 322.01 to 322.05, inclusive, of the Revised Code:

"(A) 'Value' means, in the case of any deed not a gift in whole or part, the amount of the full consideration therefor, paid or to be paid for the real estate described in the deed, including the amount of any liens thereon, except the amount owed on a debt secured by a mortgage which has been of record *at least twelve months* prior to the date of the conveyance *and which is assumed by the purchaser* and, in the case of a gift in whole or part, the estimated price the real estate described in the deed would bring in the open market and under the then existing and prevailing market conditions in a sale between a willing seller and a willing buyer, both conversant with the property and with prevailing general price levels.

"(B) 'Deed' means any deed, instrument, or writing by which any real property or any interest in real property is granted, assigned, transferred, or otherwise conveyed *except that it does not include any deed, instrument, or writing which grants, assigns, transfers, or otherwise conveys any real property or interests in real property exempt from the fee required by division (F) (3) of section 319.54 of the Revised Code."*

Pursuant to R. C. 322.02, the board of county com-

missioners of Carroll County adopted a resolution levying a real estate transfer tax of thirty cents per one hundred dollars value, effective July 1, 1968. Plaintiffs are property owners of Carroll County who desire to sell their real estate, and they are questioning the validity of this real estate transfer tax.

Chapter 322 of the Revised Code became effective December 12, 1967. Apparently it was enacted because of the proximate expiration of Internal Revenue Code 4361, which provided as follows:

"There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed (exclusive of the value of any lien or encumbrance remaining thereon at the time of sale) exceeds $100, a tax at the rate of 55 cents for each $500 or fractional part thereof. The tax imposed by this section shall not apply on or after January 1, 1968."

Internal Revenue Code 4361 was originally enacted in 1917 and re-enacted in 1927. It was again re-enacted in 1932 and was continually re-enacted until 1941 when it was made a permanent tax. *Phillips Petroleum Co. v. Jones*, 176 F. 2d 737.

The trial court held that the words "at least twelve months" in R. C. 322.01 (A) are unconstitutional and void under the Fourteenth Amendment, Section 1 of the United States Constitution; that the remainder of R. C. 322.01 to 322.99 is severable and independent from these unconstitutional words; and that with the exception of the words "at least twelve months" contained in R. C. 322.01 (A), R. C. 322.01 to 322.99 are valid and constitutional.

Plaintiffs, appellants herein, are appealing the above decision of the trial court. Plaintiffs' only assignment of error is that the judgment of the trial court is contrary to law except to the extent that the trial court held the words "at least twelve months" contained in R. C. 322.01 (A) in-

valid. However, plaintiffs filed an extensive brief in which the constitutionality of R. C. 322.02 was questioned under six subject headings.

In the judicial review of legislation there is a presumption of validity which cannot be overcome unless it appears that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution. *City of Xenia* v. *Schmidt*, 101 Ohio St. 437.

Plaintiffs' first subject heading is that R. C. 322.02 violates the equal protection provisions of the Fourteenth Amendment, Section 1 of the United States Constitution and Article 1, Section 2 of the Ohio Constitution and is unconstitutional.

Plaintiffs question three separate provisions of R. C. 322.01 under this subject heading. We will discuss each one separately.

The trial court upheld plaintiffs' position as to the words "at least twelve months" on the basis of *Louisville Gas & Electric Company* v. *Coleman,* 277 U. S. 32, which held that a Kentucky statute violated the equal protection clause of the 14th Amendment and was void where it provided that in the recording of mortgages, which is essential to the protection of mortgages against bona fide purchasers and creditors, mortgages not maturing within five years were subject to a tax of 20c for each $100 of value secured, while mortgages maturing within five years were exempted from the tax.

Defendants argue that the twelve month period specified in R. C. 322.01 is necessary to prevent fraud on the part of those sellers who might be tempted to mortgage their real estate a short time before the sale in order to escape the tax.

However, defendants did not file a cross-appeal pursuant to Rule 4 of the Ohio Rules of Appellate Procedure as to the trial court's decision on the unconstitutionality of the words "at least twelve months" in R. C. 322.01 (A); therefore, this part of the trial court's decision is not before this court on this appeal.

Plaintiffs also question the words "and which is as-

sumed by the purchaser." This wording is different than Internal Revenue Code 4361, but it has been the experience of the members of this court that the application of Internal Revenue Code 4361 was the same as under the language of R. C. 322.01 (A), as to outstanding mortgages.

Plaintiffs give the illustration of two separate parcels of real estate, both of which are sold for $100,000 each with a mortgage balance of $95,000. In one case, the purchaser assumes the mortgage and the tax would be on $5,000 or $15.-00 while in the other case the purchaser obtains new financing and the existing mortgage is satisfied. In the latter case the tax would be on the entire $100,000 which would amount to $300.00.

There is no question that there is a considerable discrepancy in the amount of the tax due between these two situations, but that, in itself, does not make the tax unconstitutional if the discrimination is founded upon a reasonable distinction. *Continental Can Co.* v. *Donahue, Tax Commr.*, 5 Ohio St. 2d 224.

When the buyer assumes the mortgage, the actual money transferred between the buyer and seller is the difference between the mortgage balance and the sale price. However, when the mortgage of the seller is paid off as a part of the sale agreement, the buyer must in effect, pay the entire sale price even though the buyer may obtain a mortgage on the same property for the same amount of the mortgage balance owed by the seller. The difference is the amount of money that is transferred between the buyer and seller as a result of the sale of the real estate. We hold that this is a reasonable distinction considering the purpose of this tax, and that such a distinction is a constitutional classification.

Plaintiffs further question the exemption in R. C. 322.-01 (B) to transactions exempted from the fee required by R. C. 319.54 (F)(3) which exempts any real estate sale where the value of the real property does not exceed $100.

We believe that the case of *State of Ohio ex rel.* v. *Ferris*, 53 Ohio St. 314, which held unconstitutional an early inheritance tax which exempted estates under $20,-

000 but taxed estates over $20,000, and which is cited by plaintiffs to support their position on this issue is inapplicable to this case. We feel that the costs of administration and collection of a tax on real estate transactions where the value is less than $100 would not justify the collection of such a tax, and that this statutory classification has a practical and reasonable basis.

We hold plaintiff's contention to be without merit that the classification of transactions into those which are only part sales and those which are wholly sales is unconstitutional.

We agree with the trial court that the words "at least twelve months" are severable from the remainder of R. C. 322.01 (A) and do not affect the constitutionality of the remainder of R. C. 322.01 (A) or 322.02. R. C. 1.13 and 1.50; 10 Ohio Jurisprudence 2d 263 to 268, Constitutional Law, Sections 185 and 186.

We hold that R. C. 322.01 and 322.02, with the exception of the words "at least twelve months" in R. C. 322.01 (A), which were not at issue in this case, do not violate the equal protection provisions of the Fourteenth Amendment, Section 1 of the United States Constitution or Section 2, Article I of the Ohio Constitution.

Plaintiffs' second and third subject headings are that R. C. 322.02 violates Section 26, Article II of the Ohio Constitution in that it is a law of general nature which does not have a uniform operation throughout the state, and that this law takes effect upon approval of an authority other than the General Assembly, except as otherwise provided in the Constitution.

Plaintiffs' sixth subject heading is that county commissioners do not have, and may not be given, the power to levy taxes.

We will discuss plaintiffs' second, third and sixth subject headings together because they are interrelated.

Section 1, Article X of the Ohio Constitution provides, in part, as follows:

"The general assembly shall provide by general law for the organization and government of counties * * *."

We agree with the trial court that R. C. 322.02 is a law of general nature and is constitutionally required to have uniform operation throughout the state, and that R. C. 322.-02 authorizes every county in the state to levy a real property transfer tax pursuant to this statute.

However, plaintiffs contend that R. C. 322.02 does not have uniform operation throughout the state because it only becomes effective in a county when the board of county commissioners adopts a resolution to enact such tax while in counties which do not choose to enact such a tax there is no tax. Even in counties which adopt such tax there can be a variance because the board of county commissioners have discretion to levy the tax up to thirty cents per hundred dollars. Furthermore, this statute takes effect upon the approval of the board of county commissioners which does not have the power to levy taxes.

If plaintiffs' contention on this question is valid, the following tax statutes would also be subject to challenge: R. C. 5739.021, sales tax levy by county commissioners of additional one-half of one per cent; R. C. 5741.021, tax levy by county commissioners of additional one-half of one per cent on storage, use or other consumption of motor vehicles; R. C. Chapter 5701, the uniform tax levy law; R. C. 5521.09, tax levy by county commissioners for payment of expense of cooperating with department of highways; R. C. 5591.14, tax levy by county commissioners for railroad bridges; R. C. 6103.17, tax levy by county commissioners for county water supply system; R. C. 1711.40, tax levy by county commissioners for agricultural extension fund; R. C. 755.18, tax levy by county commissioners for playgrounds, etc.; and R. C. 3375.23, tax levy by county commissioners for county library district.

While the legislature may not delegate its power to make a law, it may make a law to become operative on the happening of a certain contingency or a future specified event. *State, ex rel. Krieg,* v. *Matia,* 138 Ohio St. 504 at page 507; *State, ex rel. DeWoody,* v. *Bixler,* 136 Ohio St. 263.

The first paragraph of the syllabus of *Blacker* v. *Wiethe,* 16 Ohio St. 2d 65, is as follows:

"Section 1 of Article X of the Ohio Constitution authorizes the General Assembly by general law to delegate to boards of county commissioners limited legislative power relative to the government of counties and, to the extent that it does, it is not unconstitutional on its face."

See 10 Ohio Jurisprudence 2d 398, Constitutional Law, Section 318.

In *State, ex rel. Bryant,* v. *Akron Metropolitan Park District,* 120 Ohio St. 464, the Ohio Supreme Court upheld the constitutionality of the Park District Act which gave the park board power to levy taxes. Chief Justice Marshall stated as follows on pages 478-479:

"In the complexity of our advancing civilization, in the wide differences in conditions in different localities in the same state, and in the ever changing conditions in a given locality, the Legislature has found it necessary to content itself with declaring the principles governing a general public purpose, and to confer upon existing local officials, or upon local boards to be created in a designated manner, the authority to provide, within definite limitations, rules and regulations to execute the general purpose expressed in the law itself. It does not argue against the completeness of the law that a given locality or district may or may not at its option avail itself of the provisions of the law. Statutes are sometimes peremptory and mandatory, and sometimes optional and permissive. One locality may have no need of governmental activity along a given line, while another locality in the same state may have an urgent need. That need must be ascertained and declared by means and methods prescribed by the law itself, which must be scrupulously followed. While the Legislature may not delegate to any other power the right to declare principles and standards, or general public policy, it may delegate to other competent agencies the power to determine whether or not they will avail themselves of the privileges conferred, and also delegates to certain named executive or administrative agencies authority involving discretion in relation to the execution of the law.

"The Legislature having declared the governmental policy, and having fixed the legal principles which are to

govern, an administrative agency may be given power to ascertain the facts and conditions to which the policies and principles apply.''

In *State, ex rel. McElroy, Atty. Genl.*, v. *Baron,* 169 Ohio St. 439, the Ohio Supreme Court upheld the constitutionality of R. C. Chapter 4582 which authorizes the creation of port authorities and permitted the levying of taxes.

Other similar cases are *State, ex rel. Wuebker,* v. *Bockrath,* 152 Ohio St. 77, which upheld the constitutionality of statutes authorizing joint township hospital districts; and *State, ex rel. DeWoody,* v. *Bixler,* 136 Ohio St. 263, which upheld the constitutionality of the poor relief distributing fund act.

In *Gordon* v. *State,* 46 Ohio St. 607, the township local option act was attacked as unconstitutional on the ground that the act is of a general nature and did not have uniform operation throughout the state and that it was a delegation of legislative power to the people. The court upheld the constitutionality of this Act and stated as follows:

''* * * The provisions of the act are bounded only by the limits of the state, and uniformity in its operation is not destroyed, because the electors in one or more townships may not see fit to avail themselves of its provisions. The act makes no discrimination between localities to the exclusion of any township. Every township in the state comes within the purview of the law, and may have the advantage of its provisions by complying with its terms. The operation of the statute is the same in all parts of the state, under the same circumstances and conditions.'' (Page 628.)

''It is evident, we think, that the act whose constitutional validity is called in question, was a complete law when it had passed through the several stages of legislative enactment, and derived none of its validity from a vote of the people. In all its parts it is an expression of the will of the legislature, and its execution is made dependent upon a condition prescribed by the legislative department of the state. By its terms, it was made to take effect from

and after its passage. The qualified electors derive their authority to petition the trustees, and the trustees obtain their authority to order a special election, directly from the legislature." (Page 631.)

"* * * So far from the vote of the electors breathing life into the statute, it is only through the statute that the electors are entitled to vote at the special election. While they are free to cast their votes, the consequence of their aggregate vote is fixed and declared by the act of the legislature." (Page 632.)

We hold that R. C. 322.02 is a general law that authorizes every county in the state to levy a real estate transfer tax and that it does not violate Section 26, Article II of the Ohio Constitution.

Plaintiffs' fourth subject heading is that R. C. 322.02 violates Section 2, Article XII of the Ohio Constitution by taxing land and improvements thereon by other than uniform rule and on a basis other than according to value.

Section 10, Article XII of the Ohio Constitution provides, in part, as follows:

"Laws may be passed providing for excise and franchise taxes * * *."

As we stated previously, R. C. Section 322.02 was patterned after former Section 4361 of the Internal Revenue Code which was identified in *Phillips Petroleum Co.* v. *Jones*, 176 F. 2d 737, as a federal excise tax.

We hold that R. C. Section 322.02 is an excise tax that comes under Section 10, Article XII of the Ohio Constitution. Therefore, Section 2, Article XII of the Ohio Constitution is inapplicable. *Saviers* v. *Smith*, 101 Ohio St. 132.

We further hold that plaintiffs' contention that R. C. Section 322.02 violates Section 5, Article XII of the Ohio Constitution is without merit.

Plaintiffs' fifth subject heading is that R. C. 322.02 violates Section 1d, Article II of the Ohio Constitution because it is a law providing for a tax levy which does not go into immediate effect.

The express language "laws providing for tax levies"

in Section 1d, Article II of the Ohio Constitution is limited to an actual self-executing levy of taxes, and is not synonymous with laws "relating" to tax levies or "pertaining" to tax levies, or "concerning" tax levies, or any agency or method provided for a tax levy of any local subdivision or authority. *State, ex rel. Keller,* v. *Forney,* 108 Ohio St. 463.

We hold that R. C. 322.02 does not violate Section 1d, Article II of the Ohio Constitution.

We hold that R. C. 322.01 and 322.02 with the exception of the words "at least twelve months" in R. C. 322.01 (A), which were not at issue in this case, are constitutionally valid.

*Judgment affirmed.*

Donofrio and O'Neill, JJ., concur.