DEWEESE ET AL., APPELLANTS, *v.* OHIO BOARD OF REVIEW ET AL., APPELLEES.

(No. 7505—Decided February 26, 1975.)

*Mr. D'Arnold Davis,* for appellants.
*Mr. H. Gene Shackle,* for appellees.

MAHONEY, J. These cases involve the denial of unemployment compensation benefits to appellants who were laid off as a result of a labor dispute. Appellants were employed by the Ohio Brass Company in Barberton, Ohio. On June 15, 1972, employees of the Ohio Brass Company in Mansfield, Ohio, went on strike. As a result of the strike in Mansfield, the Barberton plant ceased operations due to a shortage of parts that were supplied to it by the Mansfield plant. Appellants were laid off for the duration of the strike. Appellants belonged to a different union than the striking workers in Mansfield and had no direct interest in the outcome of the strike. They applied for unemployment compensation, but were refused benefits on the basis that their unemployment was due to a labor dispute within the meaning of R. C. 4141.29(D)(1)(a). The Board of Review upheld that determination. Upon the affirmation by the Court of Common Pleas of the Board of Review's decision, appellants lodged an appeal with this court.

Appellants list the following as their assignment of error:

"I. The lower court erred in failing to grant relief to the plaintiffs herein since the action of the Ohio Bureau of Review, Employment Services, the defendant herein, constituted under O. R. C. 4141.29(D)(1)(a) invidious discrimination, in violation of the equal protection clause of Amendment XIV of the U. S. Constitution and Article I, Sections 2 and 16 of the Ohio Constitution.

"II. The lower court erred in denying plaintiffs the procedural right to due process in violation of Amendment V and Amendment XIV of the U. S. Constitution and Article I, Sections 2 and 16 of the Ohio Constitution.

"III. The lower court erred in denying the plaintiffs

178

herein the substantive right of due process in violations of Amendment V and Amendment XIV of the U. S. Constitution and Article I, Sections 2 and 16 of the Ohio Constitution.

"IV. The lower court erred in failing to recognize that all federal and state cooperative unemployment insurance programs are subject to the provisions of 42 U. S. C., paragraphs 501 and 503, which require that state unemployment compensation acts, and the administration thereof, be uniform and reasonably calculated to ensure full payment of unemployment compensation when due, and that state standards be set up which insure payment of employment compensation when the plaintiff or other (sic others) similarly situated become unemployed involuntarily."

### I.

The Supreme Court of Ohio has held that as long as a law operates equally upon all those within a particular class, there is no denial of equal protection of the laws. *Continental Can Company, Inc.*, v. *Donahue* (1966), 5 Ohio St. 2d 224. Putting all of the employees of the same employer in one classification for the purpose of administering unemployment benefits is a reasonable and natural distinction or classification. The effect of the labor dispute operates uniformly on all persons within that classification. That classification is rationally related to a legitimate government interest. That interest is for the government not to take sides, but to remain more or less neutral in the labor dispute. Thus, the employees, whether they are voluntarily or involuntarily unemployed because of the labor dispute, are denied compensation.

The classification has a rational basis and meets the equal protection test. *Jefferson* v. *Hackney* (1972), 406 U. S. 535.

We, therefore, find that R. C. 4141.29(D)(1)(a) is constitutional and we overrule the first assignment of error.

### II. and III.

The second and third assignments of error are also

untenable. The appellants have failed to show any lack of procedural or substantive due process. The statute in question is not violative of the Fifth or Fourteenth Amendments to the United States Constitution. A full and fair hearing was afforded to the appellants. It is difficult to see wherein the appellants have acquired a vested property right to unemployment compensation, especially when they are noncontributors to the fund.

### IV.

The fourth assignment of error is also denied. The appellants suggest, in their brief, a very strained construction of the Ohio statute, which is not required by Title 42, Sections 501 to 503, U. S. Code. The Ohio statute does not produce any ridiculous or absurd results. As suggested by Justice Zimmerman in *Leach* v. *Republic Steel Corp.* (1964), 176 Ohio St. 221, 223:

"The purpose of the act and the fund is to enable unfortunate employees, who become and remain *involuntarily* unemployed by adverse business and industrial conditions, to subsist * * *."

The purpose is not to provide welfare where a labor dispute necessitates a lay-off as was determined in this case. The federal enabling statutes establish guidelines. They do not require the payment of compensation to every person who is involuntarily unemployed. The Ohio statute meets those guidelines. There is no strict uniform rule concerning unemployment benefits during a labor dispute. See Annotation, 28 A. L. R. 2d 287. There was no "bad faith" on the part of the Ohio legislature in adopting the statutory amendment in question.

We, therefore, affirm the judgment of the trial court.

*Judgment affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.