I respectfully dissent.
The main aspect of this case involves whether or not a constructive discharge occurred, and was this a result of disability discrimination.
Under these circumstances, the failure to exhaust administrative remedies is irrelevant. This is especially true in relation to Appellant's claim of disability discrimination under R.C. 4112.99. Under R.C. 4112.99, the state legislature gave an aggrieved party claiming disability discrimination a direct route to the courts. The Summit County Charter cannot usurp the statutory scheme to protect the civil rights of its citizens.
As Judge Batchelder wrote in his eloquent opinion in State ex rel.O'Connor v. Davis (2000), 139 Ohio App.3d 701, 713:
 "Even in a properly established charter form of county government, the General Assembly continues to provide by general law for the "government of counties." Section 1, Article X, Ohio Constitution; see Blacker
[v. Wiethe (1968), 16 Ohio St.2d 65] at paragraph three of the syllabus. The Ohio Supreme Court has observed that even "cities' powers of local self-government are not completely unfettered." Kettering v. State Emp. Relations Bd. (1986), 26 Ohio St.3d 50, 53, 26 OBR 42, 45, 496 N.E.2d 983, 986. Indeed, the powers of local self-government must yield to statewide concerns where there is "legislative intent to provide a comprehensive, uniform framework," State ex rel. Evans v. Moore (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 431 N.E.2d 311, or where a "comprehensive statutory plan is * * * necessary to promote the safety and welfare of all the citizens of the state," Kettering, 26 Ohio St.3d at 55 (holding that the maintenance of stable employment relations between police officers and their employers was a matter of statewide concern)."
Surely the protection of civil rights is a matter of general and statewide concern. In addition, a party does not have to pursue an administrative procedure that would constitute a vain act. In other words, if the administrative body has no authority to grant the relief sought. Pappas Assoc. Agency, Inc. v. State Auto. Mut. Ins. Co. (Jan. 7, 1998), 9th Dist. No. 18458, at 8, citing Nemazee v. Mt. Sinai MedicalCenter (1990), 56 Ohio 3d 109, 115. The Human Resource Commission has no authority to remedy civil rights violations, to order cease and desist orders, award attorney fees, front pay, and other relief.
Therefore, I dissent.