[Cite as *In re Retaining Vorys, Sater, Seymour & Pease, L.L.P., as Special Counsel*, 192 Ohio App.3d 357, 2011-Ohio-640.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| In re Retaining Vorys, Sater, Seymour and Pease, L.L.P., as Special Counsel | ) ) ) ) ) ) ) ) | CASE NO. 10 MA 167<br><br>OPINION |

CHARACTER OF PROCEEDINGS: 　　　　Civil Appeal from Common Pleas
　　　　　　　　　　　　　　　　　　　Court, Case No. 10 CV OPEN

JUDGMENT: 　　　　　　　　　　　　Affirmed.

APPEARANCES:

　　　Paul J. Gains, Mahoning County Prosecuting Attorney, for appellants.

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

　　　　　　　　　　　　　　　　　　　Dated:  February 11, 2011

DeGenaro, Judge.

{¶ 1}　Appellants, Mahoning County Prosecutor Paul J. Gains, the Mahoning County Prosecutor's Office, Assistant Mahoning County Prosecutor Gina Bricker, and the Mahoning

County Board of Commissioners, appeal the judgment of the Mahoning County Court of Common Pleas denying their application to appoint special counsel to represent the Mahoning County Prosecutor's Office and the board of commissioners in two public-records-request mandamus actions currently pending before the Ohio Supreme Court.

{¶ 2}  The primary issue in this appeal is whether, upon joint application of both the prosecuting attorney and the county commissioners for outside counsel pursuant to R.C. 305.14(A) based upon a claimed conflict of interest, the common pleas court has the authority to (a) determine whether a conflict exists and (b)  deny the application.  And if the common pleas court has that authority, the secondary issue is whether the court here exercised its discretion in a reasonable manner.  For the following reasons, the common pleas court had the authority to determine the conflict issue and to deny the application and did not abuse its discretion in so doing.

{¶ 3}  First, this appeal is largely moot, as the sole basis for the application for separate counsel was a conflict between the parties, and the underlying mandamus action against the commissioners and Assistant Prosecutor Bricker was dismissed, thereby eliminating the conflict. Second, Gains waived the separation-of-powers argument on appeal because he failed to raise it at the trial court level, and the argument nonetheless fails on its merits.  Pursuant to the Ohio Constitution, the county has only the legislative power granted to it by the Ohio legislature; and moreover, the legislature can place limits on that power.  Because the legislature amended R.C. 305.14(A) by adding judicial oversight to the process of seeking outside counsel pursuant to its constitutional authority, there is no violation of the separation-of-powers doctrine.  Finally, the common pleas court did not abuse its discretion by denying the application.  Accordingly, the

judgment of the trial court is affirmed.

## Facts and Procedural History

{¶ 4}   On October 14, 2010, appellant Gains and appellant Mahoning County Board of Commissioners filed an application to appoint special counsel for the purpose of representing them in two mandamus actions then pending before the Ohio Supreme Court.  Those mandamus cases involve public-records requests.   In the first mandamus action, appellant board of commissioners and appellant Bricker, an assistant county prosecutor, are named as respondents. In the second mandamus action, appellant Mahoning County Prosecutor's Office and appellant Gains are named as respondents. During the pendency of this appeal, the first mandamus action was dismissed.

{¶ 5}   The only reason given in the application for the need to appoint outside counsel was that Gains had "determined a conflict exists given that he as the elected prosecutor and members of his staff are named in both [mandamus] suits as parties."  Attached to the application were copies of the two mandamus complaints and the board's October 14, 2010 resolution, approved by a vote of two to one, which appointed the firm of Vorys, Sater, Seymour and Pease, L.L.P., to handle both mandamus actions, and resolved to join with Gains in filing an application to the common pleas court pursuant to R.C. 305.14 to appoint counsel for the commissioners, Bricker, Gains, and his office.

{¶ 6}   The board stated the reason for the application in the resolution in the following clause:

{¶ 7}   "WHEREAS, the Mahoning County Prosecutor has determined that a conflict exists and it is necessary for the Board and the members of the Mahoning County Prosecutor's

Office to have outside counsel in the Mandamus Cases given that the elected prosecutor and members of his staff are named in both suits as parties."

{¶ 8}  The resolution also set the law firm's compensation for the two cases, approving "$290.00 to $525.00 per hour for partners, from $165.00 to $320.00 per hour for associates, and from $110.00 to $230.00 per hour for paralegals not to exceed $50,000."  On October 20, 2010, appellants filed a supplemental memorandum in support of the application. In an October 21, 2010 judgment entry, the trial court denied the request for outside counsel.

{¶ 9}  Appellants filed a Civ.R. 60(B) motion to vacate the judgment, in which they claimed that (1) the court lacked discretion to set compensation of outside counsel, (2) choice of counsel lay solely with the board of commissioners, (3) the court mistakenly concluded that no conflict exists, and (4) even if there was no conflict, the court lacks jurisdiction to refuse the request of the board for outside counsel when the prosecutor joins in the application.  Attached as exhibits to the motion to vacate were judgment entries from other cases in which the common pleas court had approved the appointment of outside counsel, including the Vorys firm, for a variety of matters including public securities, taxpayer exemptions, and related specialized legal matters.

{¶ 10} The common pleas court overruled the motion to vacate on November 4, 2010. Appellants timely appealed that judgment, along with the October 21 judgment, to this court on November 9, 2010.

**Mootness**

{¶ 11} Before turning to the merits of this appeal, we must first address whether this appeal is moot.  "A case may be moot when there is no longer a 'live' issue to be determined, or

when 'the parties lack a legally cognizable interest in the outcome.' *Allen v. totes/Isotoner Corp.*, 123 Ohio St.3d 216, 2009-Ohio-4231, 915 N.E.2d 622, at ¶17, quoting *Los Angeles Cty. v. Davis* (1979), 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642." *State ex rel. Cordray v. Basinger*, 7th Dist. No. 09 MA 119, 2010-Ohio-4870, at ¶80.

{¶ 12} Here, an individual filed public-records requests with the commissioners and Gains in his capacity as county prosecutor as well as with Gains's office. Bricker was the assistant prosecutor assigned to respond to the records request directed to both offices. An impasse was reached, and two separate mandamus actions were filed in the Ohio Supreme Court, the first against the commissioners and Bricker, and the second against the prosecutor's office and Gains. On January 5, 2011, upon the relator's application, the first mandamus action was dismissed. *State ex rel. McCaffrey v. Mahoning Cty. Bd. of Commrs.,* 127 Ohio St.3d 1492, 2011-Ohio-4, 939 N.E.2d 189. Accordingly, this appeal is certainly moot as to the commissioners and Bricker, and the trial court's decision is affirmed as to them.

{¶ 13} The only mandamus action remaining is against Gains and his office. Whether this appeal is also moot with regard to them is a closer call, as the sole basis of the commissioners' and Gains's application for appointment of outside counsel was that there was a conflict between them. Despite this caveat, we will address the merits of the assignments of error that Gains raises on appeal.

**Authority to Deny Application**

{¶ 14} In the first of three assignments of error, Gains asserts:

{¶ 15} "The common pleas court lacked discretion or authority to deny the application for the appointment of counsel made by the Board of County Commissioners and joined in by

the County Prosecuting Attorney under R.C. §305.14(A)"

{¶ 16} As an overarching matter, the appointment of outside counsel pursuant to R.C. 305.14(A) is one of several limited exceptions to the general rule that the county prosecutor must represent county boards and officers. The legislature has set up a statutory scheme by which the prosecuting attorney has a responsibility to represent county boards and officers and serve as their chief legal adviser. To that end, R.C. 309.09(A) states:

{¶ 17} "The prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, and all other county officers and boards, including all tax-supported public libraries, and any of them may require written opinions or instructions from the prosecuting attorney in matters connected with their official duties. The prosecuting attorney shall prosecute and defend all suits and actions which any such officer or board directs or to which it is a party, and no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code."

{¶ 18} R.C. 305.14 provides exceptions to the general rule in R.C. 309.09. The board of commissioners may employ outside counsel for itself without the court's authorization, but there are strict spending limits. See R.C. 305.14(B). Or, pursuant to R.C. 305.14(A), the provision at issue in this appeal, the county prosecutor and the commissioners can make a joint application to the common pleas court for the appointment of outside counsel.

{¶ 19} Gains argues that R.C. 305.14(A) does not vest the common pleas court with authority to deny the application for outside counsel. This argument is meritless pursuant to the plain language of the statute:

{¶ 20} "(A) The court of common pleas, upon the application of the prosecuting attorney

and the board of county commissioners, *may* authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity." (Emphasis added.)

{¶ 21} When interpreting a statute, courts must first look to the plain language of the statute to determine legislative intent. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶11. "We apply a statute as it is written when its meaning is unambiguous and definite." Id., citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, at ¶52. "The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary, at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation." (Citations omitted.) *Dorrian v. Scioto Conservancy Dist*. (1971), 27 Ohio St.2d 102, 107, 56 O.O.2d 58, 271 N.E.2d 834. See also *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, at ¶30. Here the use of the word "may" in R.C. 305.14(A) confers discretion upon the common pleas court to approve or deny the application for outside counsel. There is nothing to indicate that an unusual interpretation is required.

{¶ 22} Nonetheless, Gains argues that the word "may" has a more limited meaning, that it grants the court the discretion to appoint counsel only when the prosecutor refuses to recognize a conflict or the board refuses to pass a resolution authorizing the appointment of counsel. However, there is nothing in the language of the statute to indicate that the common pleas court's authority is limited in this way. Nor does Gains supply any case law supporting his

interpretation. Further, the Ohio Supreme Court has noted that "the board's appointment of special counsel pursuant to * * * R.C. 305.14(A) *has no viability until the common pleas court approves the application*, and special counsel cannot be paid until the approval occurs." (Emphasis added.) *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, 931 N.E.2d 98, at ¶33.

{¶ 23} Further, Gains argues that the common pleas court's application of R.C. 305.14(A) violates the separation-of-powers doctrine. However, Gains raises this argument for the first time on appeal. Generally, a constitutional issue must be raised at the earliest possible time or it is waived.

{¶ 24} "An appellate court will not consider any error, including constitutional error, which counsel for a complaining party could have, but failed to call to the trial court's attention at a time when such error could have been avoided by the trial court." *In re 730 Chickens* (1991), 75 Ohio App.3d 476, 488, 599 N.E.2d 828, citing *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524; *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 489 N.E.2d 277. See also *Howard v. Seidler* (1996), 116 Ohio App.3d 800, 815, 689 N.E.2d 572.

{¶ 25} Here the constitutional challenge was not raised in the initial application to the common pleas court. Gains requested that pursuant to the resolution of the commissioners, along with his request, the court authorize the retention of Vorys and the payment of reasonable fees for the firm's services. Gains seemed to implicitly recognize the common pleas court's discretion to deny the application and did not raise the argument that due to the joint nature of the application, the trial court had no discretion to deny or that a denial would violate the

separation-of-powers doctrine.

{¶ 26} More importantly, however, once the application was denied, Gains failed to raise the separation-of-powers argument in his Civ.R. 60(B) motion. He could have called that alleged error to the attention of the trial court by that motion, yet he failed to do so. Thus, Gains has waived this argument on appeal. And even if it were not waived, the separation-of-powers argument is meritless.

{¶ 27} Gains contends that the common pleas court's application of the statute in this case violates the separation-of-powers doctrine and not that the statute on its face is unconstitutional. In other words, Gains argues that the common pleas court's broad interpretation of the statute runs afoul of the Constitution. Gains insists that pursuant to R.C. 305.14(A), the common pleas court lacked authority and jurisdiction to deny the application when, as here, the prosecutor and the commissioners had made a joint application, that the only authority granted to the judicial branch is to appoint counsel when the prosecutor refuses to make an application.

{¶ 28} Upon a plain reading of the statute, the legislature made a conscious decision to include the common pleas court as a check on the process. The concepts of checks and balances, as well as separation of powers, are fundamental components of the theory of limited government engrained in the constitutional structure of Ohio and the United States. Significantly:

{¶ 29} "Section 1 of Article X of the Ohio Constitution authorizes the General Assembly by general law to delegate to boards of county commissioners *limited* legislative power relative to the government of counties * * *." (Emphasis added.) *Blacker v. Wiethe* (1968), 16 Ohio

St.2d 65, 242 N.E.2d 655, at paragraph one of the syllabus.

{¶ 30} Since the county has only the legislative power granted to it by the Ohio legislature, it follows that the legislature can place limits on that power. Thus, the wording of R.C. 305.14(A), i.e., judicial oversight, adds a check to the separate power of the commissioners. The legislature exercised its separate, constitutional prerogative and acted properly pursuant to Section 1, Article X to limit the commissioners' discretion to select outside counsel.

{¶ 31} In support of his argument, Gains cites *State ex rel. Hunt v. Hamilton Cty. Commrs.* (Hamilton C.P.1909), 20 Ohio Dec. 679, 8 Ohio N.P. (N.S.) 281, which involved an earlier version of what is now R.C. 305.14(A) that did not include a judicial check on the process. The statute then in effect stated:

{¶ 32} "Whenever upon the written request of the prosecuting attorney, the board of county commissioners of any county deems it advisable, it may employ legal counsel and the necessary assistants upon such terms as it may deem for the best interests of the county, for the performance of the duties herein enumerated. Such counsel shall be the legal adviser of the board of county commissioners and of all other county officers, of the annual county board of equalization, the decennial county board of equalization, the decennial county board of revision, and the board of review; and any of said boards and officers may require of him written opinions or instructions in any matters connected with their official duties. He shall prosecute and defend all suits and actions, which any of the board above named may direct, or, to which it or any of said officers may be a party, and shall also perform such duties and services as are now required to be performed by prosecuting attorneys under Sections 799, 1277, 1278 a and 3977 of the Revised Statutes, and as may at any time be required by said board of county commissioners."

Revised Statutes 845, 99 Ohio Laws 337, 338.

{¶ 33} By the time the Revised Code was enacted in 1953, the statute had been amended to read:

{¶ 34} "If it deems it for the best interests of the county, the court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county board or officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such county board or officer is a party or has an interest, in its official capacity." Former R.C. 305.15, 1953 H.B. No. 1.

{¶ 35} The next substantive change to the statute came in 1978. 1978 Am.H.B. No. 316 amended R.C. 305.14 to read:

{¶ 36} "The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity."

{¶ 37} This language is identical to the current version of R.C. 305.14(A).

{¶ 38} As can be seen by tracing the amendments, the statute initially included no role for the judicial branch in the process. Rather, at the time of *State ex rel. Hunt*, Revised Statutes 845 gave full discretion to the executive and legislative branches. However, when the legislature later amended the statute, it included the judicial branch in the process, granting the court the

power to *authorize* the employment of legal counsel upon application of the prosecuting attorney and the board of county commissioners, if the court deems it in the best interests of the county.

{¶ 39} The statute in effect today still requires application to the court of common pleas, and grants the court the power to authorize such an appointment. In his supplemental brief before this court, Gains makes much of the fact that the current version omits the language regarding the "best interests of the county."

{¶ 40} Specifically, Gains contends:

{¶ 41} "Obviously, the language 'If it deems it for the best interests of the county' was removed from the statute. That prior language appears to have given the common please [sic] court discretion to determine whether the appointment of counsel was in the best interest of the county. Now, with the amendments that discretion is left solely to the Board of Commissioners and the Prosecutors. Consequently, only when the prosecutor refuses to recognize a conflict 'may' the common pleas court step in and authorize the appointment of counsel."

{¶ 42} However, Gains ignores the fact that the phrase "best interests of the county" was present in the statute long before the addition of the common pleas court as part of the process. See Revised Statutes 845. Further, if the legislature truly intended to deprive the common pleas court of its discretionary authority, the legislature would have removed the application process to the common pleas court from the statute.

{¶ 43} Thus, the legislature made a conscious decision to include the common pleas court as a check on the process. The Ohio Constitution authorizes the General Assembly to delegate to boards of county commissioners limited legislative power. Therefore, adding judicial oversight to the commissioners' and Gains's application for outside counsel does not violate the

separation-of-powers doctrine.

{¶ 44} Gains also argues within this assignment of error that the common pleas court has no authority to select the specific law firm to provide services for the board, or to set compensation. One of the reasons the court gave in its initial denial of the application was that the "proposed hourly rate and suggested total expenditure for outside counsel proposed by the Prosecutor to be excessive and unacceptable given the legal work involved in public records case." Gains argues here, as he argued in the motion to vacate, that pursuant to R.C. 305.17, the decision to set compensation for outside counsel, as for any county employee, lies solely with the board of county commissioners.

{¶ 45} While this may be true, and the common pleas court conceded as much in its denial of the motion to vacate, it does not change the fact that the common pleas court has the threshold discretion to accept or deny the application for outside counsel pursuant to R.C. 305.14(A). The issue of whether the court properly considered attorney compensation when deciding whether to grant the application will be discussed more in the context of the third assignment of error below, which examines whether the court abused its discretion in denying the application. For the above reasons, Gains's first assignment of error is meritless.

**Authority to Reject Prosecutor's Determination of a Conflict**

{¶ 46} Gains asserts in the second assignment of error:

{¶ 47} "The common pleas court lacked discretion or authority to reject the Prosecutor's determination that a conflict of interest exists that precludes him from representing both his office and the Board of Mahoning County Commissioners."

{¶ 48} We recognize that a conflict of interest is not a prerequisite to the appointment of

outside counsel. There are many cases, such as those cited by Gains in the motion to vacate, that do not involve a conflict. The need for outside counsel can also arise when the county must handle extremely technical matters, such as public securities law, complex taxation issues, etc. See also *Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, at ¶5 (special counsel appointed to assist the county board of commissioners with legal issues stemming from Cincinnati riverfront development and stadium project, when the board had concluded that the involvement of special counsel was essential to protect the county's interests, given the specialized knowledge and experience required to manage the complex legal aspects of the project).

{¶ 49} Normally, the issue of a conflict of interest arises when the prosecutor, citing a conflict, *refuses* to make an application pursuant to R.C. 305.14(A). See, e.g., *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 423 N.E.2d 105. In that situation, courts have held that mandamus will lie to compel such an application. Id. at 463-464.

{¶ 50} This case presents a unique situation in that a conflict of interest was cited in the application as the sole reason for the appointment of outside counsel. Inasmuch as the common pleas court has the statutory authority and discretion to approve the application, it necessarily follows that it is within the common pleas court's province to review the reasons given in support of the request for outside counsel.

{¶ 51} None of the cases cited by Gains supports his argument that once the prosecutor acknowledges a conflict of interest, the common pleas court lacks the authority and discretion to even inquire into the existence of the conflict. A brief discussion of the actual holding in each cited case follows.

{¶ 52} In *Seminatore,* the Ohio Supreme Court held that "[a]pplication by both the prosecuting attorney and the board of county commissioners is a *prerequisite* to authorization by a court of common pleas pursuant to R.C. 305.14 of appointment of other counsel to represent a county officer, except where the prosecuting attorney has a conflict of interest and refuses to make application." (Emphasis added.) 66 Ohio St.2d 459, 423 N.E.2d 105, at paragraph one of the syllabus. The court further noted:

{¶ 53} "While R.C. 305.14 contemplates a joint application of the prosecuting attorney and the board of county commissioners for such appointment, we find nothing in that statute which confers upon the prosecuting attorney the power to defeat the jurisdiction otherwise vested in the common pleas court to authorize appointment of counsel. Here, the prosecuting attorney not only failed to make the application but vigorously opposed appointment of other counsel, although admitting a conflict of interest exists." Id. at 465-466.

{¶ 54} In *State ex rel. Sartini v. Yost,* 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, the court held that the common pleas court lacked jurisdiction to order the county to pay for substitute counsel to represent the county auditor in the township's mandamus action against the auditor, when neither the prosecutor nor the board of county commissioners had filed an application for appointment of separate counsel and the auditor waived any conflict of interest by the prosecutor. The court stated:

{¶ 55} "[A]lthough courts have inherent power to regulate the practice of law before them and protect the integrity of their proceedings, see, e.g., *Royal Indemn. Co. v. J.C. Penney Co., Inc.* (1986), 27 Ohio St.3d 31, 33-34, 27 OBR 447, 501 N.E.2d 617, and courts also have jurisdiction, under R.C. 305.14, to determine whether a conflict of interest exists, *Hallock*, 28

Ohio St.3d at 182, 28 OBR 269, 502 N.E.2d 1036, [the common pleas court] exercised this jurisdiction by determining that any potential conflict of interest caused by [the prosecutor's] representation of [the auditor] had been waived. Upon making this determination, he lacked further authority to appoint separate counsel at county expense for [the auditor]." Id. at ¶ 32.

{¶ 56} In *State ex rel. Trumbull Cty. Bd. of Elections v. Trumbull Cty. Bd. of Commrs.,* 11th Dist. No. 2009 TR 85, 2010-Ohio-2281, the court held that when the prosecutor has a conflict of interest and the prosecutor and the board of commissioners refuse to jointly file an application to the common pleas court for appointment of outside counsel, the trial court may authorize the appointment of counsel and that the court should refrain from prejudging the merits of the underlying case for which counsel is sought. Id. at ¶24-29.

{¶ 57} Finally, in *State ex rel. Gains v. Maloney*, 102 Ohio St.3d 254, 2004-Ohio-2658, 809 N.E.2d 24, the court held that a probate court judge lacked the statutory or inherent authority to appoint outside counsel to represent him in a habeas corpus case, when no application had been made to the common pleas court by the commissioners and the prosecutor and when there was no conflict between the prosecutor and the probate court judge. Id. at ¶11-16. Further, the court expressly noted that common pleas courts "have jurisdiction, under R.C. 305.14 to determine whether a conflict * * * exists." Id. at ¶14.

{¶ 58} Thus, the common pleas court in this case had the authority to determine the propriety of Gains's claimed conflict of interest. Accordingly, Gains's second assignment of error is meritless.

## Propriety of Court's Denial of Application

{¶ 59} In the third and final assignment of error, Gains asserts:

{¶ 60} "Alternatively, in the event this Court finds the common pleas court has discretion or authority to review the Mahoning County Board of Commissioners and Mahoning County Prosecutor's Application for counsel under R.C. 305.14(A), the Common Pleas Court abused its discretion by denying the Application particularly when the prosecutor declared a conflict."

{¶ 61} As discussed, R.C. 305.14(A) confers discretion on the common pleas court to approve, deny, or terminate an application for counsel. Thus, an appellate court reviews the common pleas court's decision for an abuse of discretion. An abuse of discretion means more than an error of judgment, but rather that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 62} Gains has provided us with no case law, nor has our research revealed any, that discusses the propriety of a common pleas court's denial of a joint application for outside counsel pursuant to R.C. 305.14(A). Thus, there are no useful comparative cases, and we must look to the facts of this case and the reasoning of the common pleas court to determine whether an abuse of discretion occurred.

{¶ 63} Here, the common pleas court gave several reasons for denying the application. First, Gains did not demonstrate a conflict. Second, Gains did not declare a conflict in the past in similar situations. Third, the cost to the county was excessive.

{¶ 64} The common pleas court did not abuse its discretion in determining that there was no conflict. As mentioned, a conflict typically arises when the prosecuting attorney is faced with representing two county boards or officers whose interests are adverse. For example, *Trumbull Cty. Bd. of Commrs.*, 2010-Ohio-2281, concerned litigation between the county board of

elections and county commissioners over the board of election members' entitlement to health insurance in light of a newly amended statute. The prosecutor sided with the commissioners. Thus, representing both boards clearly presented a conflict for the prosecutor. Id. at ¶ 25.

{¶ 65} In *State ex rel. Wilke v. Hamilton Cty. Bd. of Commrs*. (2000), 90 Ohio St.3d 55, 734 N.E.2d 811, the underlying litigation concerned a disagreement between the probate court and board of commissioners over the probate court's appropriation orders. Again, clearly this presented a conflict for the county prosecutor. Id. at 65.

{¶ 66} Conversely, in *Maloney,* 102 Ohio St.3d 254, the court concluded that it was not a conflict for the county prosecutor to represent a county probate judge in a habeas corpus suit against the probate judge when unrelated budgetary conflicts between the judge and the commissioners had been resolved. Id. at ¶15.

{¶ 67} Gains is claiming a conflict of interest because the commissioners, Gains, and his staff are named respondents in the mandamus cases. Much of this argument is moot, as the mandamus action against the commissioners and Bricker has been dismissed.

{¶ 68} But even if both mandamus actions were still pending, there is not an inherent conflict created by Gains representing the board in a records-request case while concurrently defending against one himself. As the common pleas court correctly noted, their interests are actually aligned, as best demonstrated by the fact that Bricker oversaw the response to the records request for *both* the commissioners and the prosecutor's office before the parties reached an impasse and the two mandamus actions were filed. Moreover, Gains has represented himself, along with the county administrator in a previous public-records-request mandamus action. *State ex rel. McNally v. Tablack*, Mahoning C.P. No. 08 CV 3008. Gains failed to demonstrate to the

common pleas court why the present mandamus actions are any different.  Gains is trying to argue that because of the separate criminal proceedings, the Supreme Court mandamus actions are much more than ordinary public-records-request cases and that they have far greater implications.  However, Gains should have made that argument to the common pleas court, instead of raising it for the first time on appeal.

{¶ 69} Further, there is no conflict in Gains representing himself and his office in a public-records-request case.  Gains has failed to sufficiently explain the ethical problem this poses.  Although Gains cites Prof.Cond.R. 3.7 in support of his argument, this rule does not apply here.

{¶ 70} Prof.Cond.R. 3.7 provides:

{¶ 71} "(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

{¶ 72} "(1) the testimony relates to an uncontested issue;

{¶ 73} "(2) the testimony relates to the nature and value of legal services rendered in the case;

{¶ 74} "(3) the disqualification of the lawyer would work substantial hardship on the client.

{¶ 75} "(b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.

{¶ 76} "(c) A government lawyer participating in a case shall not testify or offer the testimony of another lawyer in the same government agency, except where division (a) applies or

where permitted by law."

{¶ 77} Official Comment 1 to Prof.Cond.R. 3.7 sheds light on its purpose: "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Yet here Gains and the client are one and the same. Gains responded to the public-records requests directed to his office. As custodian of the records, Gains provided some of them, objected to the request for others, and contended that still others did not exist. We agree with the conclusion of the court in *Horen v. Toledo Pub. School Dist. Bd. of Edn.*, 174 Ohio App.3d 317, 2007-Ohio-6883, 882 N.E.2d 14, that neither Prof.Cond.R. 3.7 nor its predecessor prohibits self-representation by counsel . Id. at ¶ 32 ("State courts have also held that this type of disciplinary rule is not applicable to self-representation. We agree").

{¶ 78} Accordingly, to the extent that Gains might be called to testify about the records or about his response to the requests, we agree with the trial court that there is no ethical reason why a member of Gains's civil-division staff could not properly represent him. See id. at ¶31.

{¶ 79} And the fact that the relator in the mandamus cases is the attorney for several criminal defendants in a criminal case does not create a conflict either. Although Gains may have played a role in the initial investigation, a special prosecutor was later appointed. As aptly noted by Justice Douglas in *State ex rel. Jefferson Cty. Children Servs. Bd. v. Hallock* (1986), 28 Ohio St.3d 179, 502 N.E.2d 1036:

{¶ 80} "As a practical matter, for example, any time a prosecutor initiates an investigation in to the activities of a county commissioner, board, officer, library or township officer, is the prosecutor to be foreclosed from serving that respective entity's other public-

related legal needs? If this practice would become the rule, the prosecutor would be effectively paralyzed in all but investigative and prosecutorial endeavors. This result was never the aim of R.C. 309.09 or 305.14." Id. at 185 (Douglas, J., dissenting).

{¶ 81} Finally, the common pleas court took issue with the proposed cost of outside counsel. Even though, as the court conceded, it appears it is within the province of the commissioners to set compensation, it remains that the common pleas court, exercising its discretion when reviewing an application, can look into practical matters such as cost to the county.

{¶ 82} For all these reasons, the common pleas court did not abuse its discretion in denying the application for outside counsel. Accordingly, Gains's third assignment of error is meritless.

**Conclusion**

{¶ 83} All of the assignments of error are meritless. The trial court had the authority to determine whether a conflict existed, as well as to review the application. Pursuant to the Ohio Constitution, the county has only the legislative power granted to it by the Ohio legislature. Moreover, the legislature can place limits on that power. Because the legislature amended R.C. 305.14(A) by adding judicial oversight to the process of seeking outside counsel pursuant to its constitutional authority, there is no violation of the separation-of-powers doctrine. Finally, the common pleas court did not abuse its discretion in the manner in which it ruled on the application. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

DONOFRIO and VUKOVICH, JJ., concur.