[Cite as *Michael P. Harvey Co., L.P.A. v. Ravida*, 2012-Ohio-2776.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97642

---

# MICHAEL P. HARVEY CO., L.P.A.

### PLAINTIFF-APPELLANT

## vs.

# ANTHONY J. RAVIDA, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-727247

**BEFORE:** Stewart, P.J., Sweeney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 21, 2012

**ATTORNEY   FOR APPELLANT**

Michael P. Harvey
Michael P. Harvey Co., L.P.A.
311 Northcliff Drive
Rocky River, OH   44116


**FOR APPELLEE**

Anthony J. Ravida, Pro Se
33345 Rockford Drive
Solon, OH   44139

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant, Michael P. Harvey Co., L.P.A. (Harvey appears to be a sole practitioner, so we will reference him as an individual) appeals from a judgment rendered in favor of his former client, defendant-appellee Anthony J. Ravida, on Harvey's complaint for unpaid legal fees. Harvey complains that the court erred by refusing to let him testify in narrative fashion to the existence of a fee agreement and that the court's findings of fact were against the manifest weight of the evidence. We hold that the court erred by denying Harvey the opportunity to testify on his own behalf, so we reverse and remand for a new trial.

{¶2} Harvey represented Ravida and others in a federal court action. When that action concluded, he filed a complaint in common pleas court alleging that they owed him for that representation. Harvey misplaced the signed fee agreements for the clients, so he relied on a theory of quantum meruit for the legal services he rendered. Harvey settled with all the defendants, except Ravida, who denied signing a fee agreement and claimed that the other federal court clients were responsible for paying Harvey's fee. The issues were tried to the court. Harvey attempted to testify on his own behalf to establish that Ravida agreed to Harvey's representation and the value of the services he rendered, but the court refused to allow him to do so. At the close of evidence, the court issued findings of fact and conclusions of law finding that Harvey offered no evidence to counter Ravida's claim that Harvey did not represent him.

**{¶3}** There was essentially one issue at trial: whether Harvey was entitled to compensation for the reasonable value of his services to Ravida under a theory of quantum meruit. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920 (1989). To establish that claim, Harvey sought to testify in narrative form to describe the nature and value of those services and to establish that Ravida agreed to pay for those services. The court, however, told Harvey that "I don't think you are allowed under the rules to do that anymore. I think the rules prohibit it." The court went on to say that "I remember that you're not allowed to self represent any more on those cases. I think you need a lawyer." This left Harvey with no way to prove that Ravida agreed to pay for his services, leading the court to conclude that "[n]o evidence was presented to counter the claim that Defendant never retained Plaintiff to represent him." Conclusion of Law No. 17.

**{¶4}** The court did not reference the specific "rule" it relied on when it prohibited Harvey from testifying. If it meant to say that Harvey could not self-represent at trial, that was error. The action was filed in the name of a legal professional association. Harvey, a licensed lawyer, represented himself and the interests of the legal professional association. He was thus acting in a dual capacity: as a lawyer and as a party. Prof.Cond.R. 3.7, which relates to a lawyer as a witness, does not apply to cases where an attorney is a party to the action. *Horen v. Toledo Pub. School Dist. Bd. of Edn.*, 174 Ohio App.3d 317, 2007-Ohio-6883, 882 N.E.2d 14, ¶ 34 (6th Dist.) (discussing former

DR5-102); *In re Retaining Vorys, Sater, Seymour & Pease, L.L.P., as Special Counsel*, 192 Ohio App.3d 357, 2011-Ohio-640, 949 N.E.2d 84, ¶ 12 (7th Dist.).

**{¶5}** If the court meant to say that Harvey could not appear as a witness under Prof.Cond.R. 3.7(a)(2), which states that a lawyer "shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness," that conclusion was likewise erroneous because the purpose behind the rule was not implicated by Harvey's desire to testify. The official comment to Prof.Cond.R. 3.7 states that the purpose of forbidding a lawyer from acting as both an advocate and a witness is to prevent the trier of fact from being confused or misled by the lawyer's dual capacity. The concerns expressed in the comments to Prof.Cond.R. 3.7(a)(2) have no applicability to this case because it was tried to the court. The court fully understood that Harvey was acting pro se, so it should have been able to distinguish between his role as advocate and his role as a witness without the same risk of confusion that might have been present had the case been tried to a jury.

**{¶6}** What is more, to the extent that Rule 3.7(a)(2) was somehow implicated in this case, Harvey's proposed testimony would have fallen within an exception to the rule. Prof.Cond.R. 3.7(a)(2) permits a lawyer to testify at a trial where the lawyer represents a client if the testimony is related to the "nature and value of legal services rendered in the case." Harvey would have testified to facts relevant to proving his quantum meruit theory of recovery — that Ravida willingly accepted legal services provided by Harvey in the federal court action and was equitably obligated to compensate Harvey for those

services.   These were matters that related to the scope and value of the legal services he performed for Ravida.

{¶7} Finally, we disagree with the court's belief that Harvey's failure to produce a signed client agreement was itself a violation of the rules of professional conduct. Prof.Cond.R. 1.5(b) states a preference that the nature and scope of the lawyer's representation and the basis or rate of the fee and expenses for which the client will be responsible be stated in writing.   As this case demonstrates, having a signed fee agreement is always the better practice.   Harvey's record keeping may leave something to be desired, but his inability to locate a signed client contract did not violate the Rules of Professional Conduct.

{¶8} This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
SEAN C. GALLAGHER, J., CONCUR