[Cite as *State v. Castor*, 2014-Ohio-5236.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| GEORGE CASTOR | : | Case No. 14 CAA 01 0004 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 13-CRI-10-0505


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 November 24, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BRIAN J. WALTER                           WILLIAM T. CRAMER
140 North Sandusky Street                 470 Olde Worthington Road
Delaware, OH  43015                       Suite 200
                                          Westerville, OH  43082

*Farmer, J.*

{¶1}    On October 29, 2013, the Delaware County Grand Jury indicted appellant, George Castor, on forty-two counts involving burglaries (R.C. 2911.12), possession of criminal tools (R.C. 2923.24), theft (R.C. 2913.02), and receiving stolen property (R.C. 2913.51).    Thirty-one of the counts occurred in Franklin County and the remaining eleven occurred in Delaware County.

{¶2}    A jury trial commenced on November 12, 2013.  At the conclusion of the state's case-in-chief, the prosecutor dismissed five counts and amended others.  The jury found appellant not guilty of one of the burglary counts, and guilty of thirty-six counts, to wit: twelve counts of burglary in the second degree, eight counts of burglary in the third degree, one count of attempting to commit burglary in the fourth degree, two counts of possessing criminal tools in the fifth degree, one count of theft in the fourth degree, and twelve counts of receiving stolen property, six in the fifth degree and six misdemeanors in the first degree.  By amended judgment entry filed December 20, 2013, the trial court merged some of the counts and sentenced appellant to an aggregate term of thirty-four years in prison.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "R.C. 2901.12(H) VIOLATES THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, AND THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION BY ALLOWING FOR A JURY TRIAL IN A COUNTY OTHER THAN THAT IN WHICH THE OFFENSE WAS COMMITTED."

II

{¶5} "APPELLANT WAS DEPRIVED OF HIS RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, BECAUSE COUNSEL FAILED TO ARGUE THAT THE VENUE STATUTE WAS UNCONSTITUTIONAL."

III

{¶6} "VENUE WAS NOT PROPER IN DELAWARE COUNTY FOR COUNTS ONE THROUGH THIRTY-ONE BECAUSE THE EVIDENCE FAILED TO SHOW A UNIFYING COURSE OF CRIMINAL CONDUCT AS REQUIRED BY R.C. 2901.12(H)."

IV

{¶7} "APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BY THE USE OF AN EYEWITNESS IDENTIFICATION DERIVED FROM AN IMPERMISSIBLY SUGGESTIVE PHOTOGRAPHIC LINEUP."

I, II

{¶8} Appellant claims R.C. 2901.12(H) is unconstitutional and his trial counsel was ineffective for failing to raise the issue of venue. We disagree.

{¶9} R.C. 2901.12 governs venue. Subsection (H) states the following:

(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any

element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(1) The offenses involved the same victim, or victims of the same type or from the same group.

(2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

(4) The offenses were committed in furtherance of the same conspiracy.

(5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

{¶10} We note this constitutional argument was not made to the trial court. " 'An appellate court will not consider any error, including constitutional error, which counsel for a complaining party could have, but failed to call to the trial court's attention at a time when such error could have been avoided by the trial court.' *In re 730 Chickens* (1991), 75 Ohio App.3d 476, 488, 599 N.E.2d 828, citing, *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524." *In re Retaining Vorys, Sater,*

*Seymour & Pease, L.L.P., as Special Counsel,* 192 Ohio App.3d 357, 2011-Ohio-640, ¶ 24.

{¶11} Because the constitutionality of the statute was not raised at the trial level, we deny Assignment of Error I.

{¶12} Appellant claims his trial counsel was ineffective for not making a constitutional challenge to R.C. 2901.12(H).

{¶13} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶14}  As the Supreme Court of Ohio explained in *State v. Draggo,* 65 Ohio St.2d 88, 90-91 (1981), in reviewing former R.C. 2901.12(G) and (H), the statutes embrace the mobility of our society:

Venue is not a material element of any offense charged.  The elements of the offense charged and the venue of the matter are separate and distinct.  *State v. Loucks* (1971), 28 Ohio App.2d 77, 274 N.E.2d 773, and *Carbo v. United States* (C.A.9, 1963), 314 F.2d 718.  Yet, in all criminal prosecutions, venue is a fact that must be proved at trial unless waived.  *State v. Nevius* (1947), 147 Ohio St. 263, 71 N.E.2d 258.

R.C. 2901.12(G) and (H) are statutory reflections of the modern mobility of criminals to perform unlawful deeds over vast geographical boundaries.  The above-noted statutory provisions effectuate a sensible, efficient approach to justice by permitting one court to hear a matter which has roots in several court jurisdictions.

Dissection of the relevant provisions, namely R.C. 2901.12(A) and (H) and, more specifically, (G), explicitly denotes that venue is proper if " * * * (the) offense or any element" was committed in the court's jurisdiction.

{¶15}  Since 1988, the Ohio General Assembly expanded the types of criminal cases that could be tried intra-jurisdictional.  It is uncontested that the first thirty-one counts of the indictment occurred in Franklin County and the remaining eleven counts occurred in Delaware County.  At the conclusion of the state's case-in-chief, defense

counsel made a Crim.R. 29 motion for acquittal and strenuously objected to venue and a course of criminal conduct for the counts that occurred in Franklin County. T. at 1006-1048. Although defense counsel did not specifically attack venue as to the constitutionality of R.C. 2901.12(H), he articulated the lack of proof of a course of criminal conduct, emphasizing R.C. 2901.12(H)(1), (4), and (5). In response to the motion, the prosecutor outlined the following (T. at 1009-1010):

> Count One did occur in Franklin County. However, it does show some of the same characteristics that we were talking about in the other incidences, something repeated three separate ways. We have shown a course of criminal conduct.
>
> First being the offense involved the victim, same type of the same group, being apartment tenants.
>
> Secondly, the offense was committed as a part of the same transaction or chain of events or in furtherance of the same pure objective; all of the counts occurred over a period of time, ten different dates, all occurred within a three months' time period of each other.
>
> There's no large gap here. In fact, the last one in Franklin County is on August 2nd, first one we have in Delaware County is August 7th, which is five days later, they all, again, all of the burglaries in the apartment complexes. Additionally, these occurred at the same times, and the same general items were taken in each case: TV's; laptops; video game systems, jewelry, all of these items that are resale pawn value, they

are not stealing items that can't be pawned for money. We believe the evidence has shown all the same chain of events, all committed for the same purpose or objective.

Finally, and probably most importantly, is the offense involves the same or similar modus operandi, it does not single one of the burglary counts that occurred in a home; every time it was in an apartment; every time it was in an apartment complex with multiple units; every single time it was in the daytime; and I believe all but one case there was force used to a door to gain entry; there's not a situation where windows were smashed or a glass door smashed to gain entry. Also, all of them we'll see pry bar marks.

Many times an individual was observed with a clipboard in the area beforehand. We have the same types of vans that are used in all of the offenses, and in the numerous times indicated. The witnesses see a van being present, and Mr. Castor did generally in both cases get into this type of vehicle.

{¶16} At the time of the trial, the case of *State v. DeBoe*, 6th Dist. Huron No. H-02-057, 2004-Ohio-403 was unchallenged. In *DeBoe* at ¶ 37-38, our brethren from the Sixth District specifically addressed the constitutionality of R.C. 2901.12(H) as follows:

For a statute to be declared unconstitutional, "it must appear beyond a reasonable doubt that the legislation and constitutional

provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 128 N.E.2d 59, paragraph one of the syllabus. Accord *State v. Thompkins* (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926. "Further, doubts regarding the validity of a legislative enactment are to be resolved in favor of the statute." *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, citing *State ex rel. Swetland v. Kinney* (1982), 69 Ohio St.2d 567, 433 N.E.2d 217.

The Ohio Constitution guarantees to its citizens, "a speedy trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." Section 10, Article 1, Ohio Constitution. The primary purpose of this constitutional provision is to fix the place of trial. *State v. Fendrick* (1907), 77 Ohio St. 298, 300, 82 N.E. 1078. This constitutional principle was embodied by the legislature in R.C. 2901.12, which provides that, "the trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." The statutory "any element" rule was approved by the Ohio Supreme Court in *State v. Draggo* (1981), 65 Ohio St.2d 88, 418 N.E.2d 1343. R.C. 2901.12 merely provides the criteria for which territory an offender may be tried for multiple offenses which involve different jurisdictions or venues. Since R.C. 2901.12 does not deprive an offender of his right to a properly venued jury trial, it is not incompatible with the Ohio Constitution. Therefore, R.C. 2901.12 is not unconstitutional.

{¶17}  Appellant argues two cases that support his attack on the constitutionality of R.C. 2901.12(H), *State v. Chalikes,* 122 Ohio St. 35 (1930) and *State v. Nevius,* 147 Ohio St. 263 (1947).   These cases were decided long before the Modern Courts Amendment (1968) and R.C. 2901.12 were enacted.  These cases challenged venue on a single count, not a series of criminal acts linked together via similarity of victim and modus operandi, and in furtherance of the same criminal conspiracy.  Therefore, we find the cases to be inapplicable sub judice.

{¶18} Using the two-prong test of *Bradley* and *Strickland,* we find defense counsel properly articulated the venue issue to the trial court, and do not find any deficiency in his performance.

{¶19}  Assignments of Error I and II are denied.

III

{¶20}  Appellant claims R.C. 2901.12(H) does not apply to the first thirty-one counts because the evidence failed to show a unifying course of criminal conduct as required in the statute.  We disagree.

{¶21} The evidence establishes certain factors that are applicable to R.C. 2901.12(H)(1), (4), and (5) to determine a course of criminal conduct including the same type of victim (dwellers of apartment complexes), same or similar modus operandi (daytime, pry bar use, maintenance person disguise, minivan, similar objects stolen), and "furtherance of the same conspiracy."  T. at 88-92, 99, 101-103, 128, 130-132, 152, 168, 170-172, 182-183, 210-212, 217, 222, 225, 229-230, 234, 237-239, 246, 248-249, 257-260, 262, 264-265, 272-273, 331-332, 342, 347-349, 355, 357-358, 440, 444, 450,

453-454, 466, 474, 476, 530, 533, 547-548, 566-570, 610, 720, 722, 726, 731, 743-745, 753, 764, 772, 774-777, 804, 809-810, 827, 833, 835, 865.

{¶22} The indictment set forth a time frame of the offenses from May 24, 2013 to August 21, 2013, beginning in Franklin County and terminating in Delaware County. The forty-two count indictment included burglaries, an attempted burglary, a theft, possession of criminal tools, and receiving stolen property. The burglaries and thefts were from apartments broken into with a pry bar during the daylight, working hours (with the exception of one), when the victims were unlikely to be home. With the exception of two apartments, all were cluster apartments in complexes and numerous apartments were entered in to in each complex. The counts did not include a single home.

{¶23} Of note, all of the Franklin County addresses, except for the Canal Winchester address, are within the immediate proximity of the northwest loop of I-270.

{¶24} The types of property taken were televisions, laptops, video game systems, electronic equipment, guitars, blankets, and jewelry. T. at 91-92, 103, 132, 172, 217, 229-230, 239, 249, 265, 342, 355, 357-358, 450, 453-454, 474, 476, 533, 731, 753, 775-776, 809-810. At the first burglary, a silver Chevy Venture minivan was stolen. T. at 103, 106. Witnesses identified the same type of minivan at other burglaries. T. at 152, 183, 262, 272, 347, 827. A clipboard was also stolen, seen at subsequent burglaries and ultimately recovered during appellant's arrest. T. at 132, 259-260, 273, 348, 610, 764, 865, 942-943. A partial license plate number on the minivan was identified and later the same plate, as well as other license plates, were recovered during appellant's arrest. T. at 946-947. Items that appellant used in disguising himself were also recovered during his arrest (red hat, pry bar, bucket of

tools, clipboard).   T. at 578-583, 927-928, 930-932, 942-947.   Appellant's DNA was identified on the red hat.  T. at 647-648, 651-653.  Appellant had pawned many of the stolen items.  T. at 388-396.

{¶25}  All of these similarities do not imply simple coincidences, but a definitive pattern of burglaries by the same individual.  The ultimate connections were the items seized in the minivan during appellant's arrest.  These items were specifically identified by witnesses who observed appellant and/or the minivan at the scene of various burglaries (North High Street Apartments, Sanctuary Village, North Star Avenue Apartments).

{¶26}  We find the facts were sufficient for prosecution of the Franklin County offenses in Delaware County under R.C. 2901.12(H).

{¶27}  Assignment of Error III is denied.

IV

{¶28}  Appellant claims the trial court erred in permitting identification testimony derived from an impermissibly suggestive photographic lineup.  We disagree.

{¶29}  In *State v. Wills,* 120 Ohio App.3d 320, 325 (8th Dist.1997), our brethren from the Eighth District explained the following:

> When deciding motions to suppress photographic identification procedures, the courts must determine whether the photos or procedures used were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."  *Simmons v. United States* (1968), 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247,

1253. Suggestiveness depends on several factors, including the size of the array, its manner of presentation, and its contents. *Reese v. Fulcomer* (C.A.3, 1991), 946 F.2d 247, 260. Stated otherwise, the test is "whether the picture of the accused, matching descriptions given by the witness, so stood out from all of the photographs as to suggest to an identifying witness that [that person] was more likely to be the culprit." *Jarrett v. Headley* (C.A.2, 1986), 802 F.2d 34, 41.

{¶30} We note appellant never filed a motion to suppress. On the fifth day of trial, defense counsel moved for a mistrial and to dismiss the indictment based upon an improperly created photo lineup (State's Exhibit 41). Despite the lack of a motion to suppress, the trial court entertained the issue, ruling as follows in a judgment entry filed November 19, 2013:

The Court specifically finds that the State did not violate the terms of §2933.83.

The Court must now turn to the case law. In considering the case law, the Court finds the "photo array" complained of was not "unusually suggestive." The Court finds the features of the Defendant are greatly similar to the other individuals whose pictures were used. *State v. Hudson,* 2009 WL 252362 and *State v. Gloss,* 2010 WL 3377784. The fact that all five of the other photos were Hispanic does not mean that the others did not have features similar to the Defendant. Furthermore, the

photo line-up included men that fit within the general description given by the witness. *State v. Gomez*, 2005 WL 742702.

The Court does not find the photo array to be suggestive. The Defendant's motion is therefore Overruled.

{¶31} The testimony concerning the identification of appellant using the photo array occurred during the second day of trial. Stephany Bevan testified she immediately identified photograph number three as the perpetrator because of his eyes. T. at 281-282. She did not know if the photograph was of a Hispanic, but the eyes were the determining factor. T. at 285.

{¶32} Columbus Police Detective Richard Moore testified to showing the blind photo array to Ms. Bevan. T. at 291. Detective Moore was not responsible for the make-up of the array so as not to show any favoritism to the suspect. T. at 289-290.

{¶33} Columbus Police Detective Kevin Grooms made up the photo array after appellant was already a suspect (State's Exhibit 177). T. at 626. He used the most recent photograph of appellant. T. at 626-627. In setting up the photo array, Detective Grooms used identifying characteristics to match other photographs to the suspect's. T. at 627-628. He used "[m]ale, Hispanic, age range." T. at 628. He entered Hispanic because appellant reminded him of a military friend who was Hispanic and his name was of Hispanic origin. *Id.* Both the photo array and the number three photograph identified by Ms. Bevan were marked and received as State's Exhibits 41 and 177 without objection.

{¶34}  Given the testimony of Ms. Bevan and Detective Grooms and the exhibits themselves, we find the photo array was not impermissibly suggestive and did not cause appellant to stand out from the others.

{¶35}  Assignment of Error IV is denied.

{¶36}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

SGF/sg 1030